**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SEYRAN TELOYAN, # A 246-910-076**                                      **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:26cv458-DCB-RPM**

**WARDEN**                                      **RESPONDENT**

## ORDER GRANTING MOTION TO SUPPLEMENT AND DENYING COUNSEL

BEFORE THE COURT are *pro se* Petitioner Seyran Teloyan's Motion for a Temporary Restraining Order [4], which the Court construes as a motion to amend, and Motion for Appointment of Counsel [5].   Teloyan is an alien detainee in the custody of the Department of Homeland Security, and he brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.   He supplements his Petition and asks for appointed counsel in this case.   The Court has considered Petitioner's submissions and the relevant legal authority.

First, the Court addresses the motion for counsel.   "No constitutional right to counsel exists in habeas corpus actions."   *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008).   The Criminal Justice Act, however, provides, "Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241 . . . of title 28."   18 U.S.C. § 3006A(a)(2)(B).   Whether to appoint counsel to represent a petitioner in a habeas proceeding is committed to the court's discretion.   *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (28 U.S.C. § 2255 proceeding).   Where no evidentiary hearing is necessary, and the petitioner does not show that the interests of justice require counsel, the court does not err in denying counsel.   *Id.*   If the issues are not complex, and the petitioner adequately presents the

issues and facts, then the interests of justice do not require appointment of counsel.  *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

Teloyan has not shown that counsel is required in this case.   The issues are not complex. Although Teloyan pleads that he has limited English, he has so far adequately articulated the issues and facts of this case.   There is yet no indication that the interests of justice require counsel in this case.   Therefore, the motion to appoint counsel is denied without prejudice.

As for the Motion for Temporary Restraining Order, this motion reasserts and supplements his Petition.   The motion is granted to the extent it supplements the Petition.   The Court will consider the allegations contained within the pleadings.

**IT IS, THEREFORE, ORDERED** that, for the reasons stated above, *pro se* Petitioner Seyran Teloyan's Motion for a Temporary Restraining Order [4], which the Court construes as a motion to supplement, is **GRANTED** to the extent it supplements the Petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [5] is **DENIED**.

**SO ORDERED**, this the 13th day of August, 2026.

/s/ *Robert P. Myers, Jr.*

ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

2